**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

BARRIER ONE, INC.,

Debtor.
____________________________________/

Case No.: 6:23-bk-00115-LVV

Chapter 7

**EXPEDITED MOTION TO COMPROMISE CONTROVERSY**

Pursuant to Federal Rules of Bankruptcy Procedure 9019, Rule 9019-1 of the local rules of the United States Bankruptcy Court for the Middle District of Florida, and other applicable law, Lori Patton as Chapter 7 Trustee for the Estate of Barrier One, Inc. (the "Chapter 7 Trustee"), together with Richard Koon, Ellen Koon, Concrete Moisture Solutions, Inc., Trink Holdings, LLC, Peskon Holdings, Inc., Elleric Assurance Company, Inc., a Delaware Corporation and Seasoned Associates, LLC, a Delaware company d/b/a Barrier One Concrete Admixtures all of whom are collectively referred to herein as the "Defendant Parties," both the Chapter 7 Trustee and the Defendant Parties being collectively referred to herein as the "Movants," hereby move on the following grounds for the entry of an order (the "Compromise Order") approving a compromise (the "Compromise"), hereinafter set forth in this "Motion to Compromise Controversy" (this "Compromise Motion").

As further inducement for the Compromise, John Van Horn, a creditor to the above-captioned Chapter 7 case ("John Van Horn"), Brian Mock, Kimberly Mock, and Verus Praedium, LLC, a Delaware limited liability company ("Verus Praedium") each execute this Compromise Motion solely for the limited purposes expressly ascribed to each of them herein, with the purpose

and effect of each such execution, and any rights or obligations arising therefrom, expressly limited as provided in Paragraph 12(e), below.

## I. Jurisdiction and Venue

1. On January 12, 2023, the Barrier One, Inc. (the "Debtor") initiated the above-captioned Chapter 7 case (the "Liquidation") before this Court, and the Chapter 7 Trustee was thereafter duly appointed Chapter 7 Trustee for the estate of the Debtor, which position she has retained.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and (b), 1334(a) and (b).

3. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory predicates in support of the relief requested are Bankruptcy Code §§105, 541, and 704, Federal Rules of Bankruptcy Procedure 2002 and 9019, Local Rule 9019-1, and other applicable law.

## II. The Controversy

5. The historical background of the Controversy arises out of the relationship and business dealings between Richard Koon and Van Horn, among others, which is described in detail in the state court action styled John Van Horn v. Richard Koon, et al., Case No.: 2015-CA-10999-O, in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida (the "State Court Action") A settlement agreement was reached with respect to each of the Defendants in the State Court Action (the "State Court Action Agreement") with the exception of the Chapter 7 Trustee and the Debtor.

6. On January 10, 2025, the Chapter 7 Trustee initiated the adversary proceeding,

styled Lori Patton, as Chapter 7 Trustee for the Bankruptcy Estate of Barrier One, Inc., v. Richard Koon, an individual, Ellen Koon, an individual, Concrete Moisture Solutions, Inc., a Florida corporation d/b/a Barrier One, Verus Praedium, LLC a Delaware limited liability company, Trink Holdings, LLC, a Florida limited liability company, Peskon Holdings, Inc., a Florida corporation, Seasoned Associates, LLC, a Delaware corporation d/b/a Barrier One Concrete Admixtures, and Elleric Assurance Company, Inc, a Delaware corporation, Case No. 6:25-ap-00008-LVV (the "Adversary Proceeding").

7. This Court has personal and subject matter jurisdiction.

8. On January 16, 2026, the Chapter 7 Trustee filed her Amended Complaint (the "Operative Complaint") [Adv. Doc. 40]. The Chapter 7 Trustee claims that the Defendant Parties took assets and usurped corporate opportunities of the Debtor in an eighty-one (81) page/twenty-eight (28) count complaint (the "Disputed Claims").

9. On April 17, 2026, this Court entered its "Order Directing Settlement Conference and Appointing Settlement Judge" (the "Judicial Settlement Conference Order") [Adv. Doc. 53], directing the Movants to a judicial settlement conference (the "Judicial Settlement Conference"). The Judicial Settlement conference was conducted under all manner of confidentiality consistent with L.B.R. 9019-2.

10. The Movants reached a Compromise as set forth below.

## III. The Compromise

11. For purposes of the Compromise, the effective date of the Compromise is the first business day after an order approving this Compromise Motion becomes final and non-appealable (the "Effective Date").

12. The Compromise contains the following material terms and conditions that the Movants request this Court to approve:

a. **Chapter 7 Trustee's Release:** Contemporaneously with the execution of this Motion, the Chapter 7 Trustee will execute that Chapter 7 Trustee's Release of Claims attached hereto as Exhibit "A". The executed Chapter 7 Trustee's Release of Claims will be delivered to the firm of Akerman, which will hold the Chapter 7 Trustee's Release of Claims in escrow pending the rendition of the Compromise Order and the timely receipt of the Settlement Payment by Akerman described in Paragraph 12(f) below. Three (3) business days after the latter of: 1) the Effective Date or 2) the timely receipt of the Settlement Payment by Akerman described in Paragraph 12(f) below, Akerman will release from escrow the Original Chapter 7 Trustee's Release of Claims and deliver the Original Chapter 7 Trustee's Release of Claims to the Chapter 7 Trustee. Akerman will release from escrow copies of the Chapter 7 Trustee's Release of Claims and make them available to signatories or releasees at the offices of Akerman upon request of the signatory, the releasees or their counsel.

b. **Exhibit "B" Release:** As further inducement for the Compromise, contemporaneously with affixing their signatures upon this Motion, John Van Horn, the Defendant Parties and Brian Mock, Kimberly Mock, and Verus Praedium will execute that Mutual Release attached hereto as Exhibit "B" (hereinafter the "Exhibit "B" Release"). The executed Exhibit "B"

Release will be delivered to the firm of Akerman, which will hold the Exhibit “B” Release in escrow pending the rendition of the Compromise Order and the timely receipt of the Settlement Payment by Akerman described in Paragraph 12(f) below. Three (3) business days after the latter of: 1) the Effective Date or 2) the timely receipt of the Settlement Payment by Akerman described in Paragraph 12(f) below, Akerman will release from escrow the Exhibit “B” Release and deliver the Original Exhibit “B” Release to the Chapter 7 Trustee. Akerman will release from escrow copies of the Exhibit “B” Release and make them available to signatories or releasees at the offices of Akerman upon request of the signatory, the releasees or their counsel.

c. **No Objection by John Van Horn / Direction To Trustee for Distribution to John Van Horn:** As further inducement for the compromise, and contingent upon his distribution from the Chapter 7 case equaling $45,000.00 or more, John Van Horn shall not object to the Compromise Motion or to the entry of the proposed Agreed Order attached hereto as Exhibit “C”, referenced below in Paragraph 22.

John Van Horn hereby directs and authorizes the Chapter 7 Trustee to deliver any distribution payable to John Van Horn on account of his Proof of Claim in the Bankruptcy Proceeding to the IOTA Trust Account for SanGiovanni Law, P.A., as counsel for John Van Horn, in accordance with payment instructions to be separately provided to the Chapter 7 Trustee.

Any payment or distribution made in accordance with this paragraph shall constitute payment to John Van Horn to the same extent as if made directly to him. This payment direction is solely for purposes of the administration and delivery of such distribution and does not constitute an assignment or transfer of John Van Horn's Proof of Claim.

d. **Dismissal with Prejudice of the Litigation:** Within seven (7) business days of the Effective Date, Van Horn shall file a Voluntary Dismissal with Prejudice dismissing the State Court Action including any allegations, causes of action, or defenses asserted therein with prejudice. Each party thereto named in this Compromise Motion agrees to bear their own attorney's fees and costs incurred in the State Court Action. In addition, John Van Horn shall file a Release and Satisfaction of the Judgment entered in the State Court Action on January 7, 2025.

e. **Limited-Purpose Execution by Certain Persons and Entities**: Notwithstanding anything in this Compromise Motion to the contrary, John Van Horn executes this Compromise Motion solely for the limited purposes expressly and specifically ascribed to him in Paragraphs 12(b), 12(c), 12(d), 12(e), and 12(f). Verus Praedium executes this Compromise Motion solely for the limited purposes expressly and specifically ascribed to it in Paragraphs Paragraphs 12(b), 12(d), 12(e), and 12(f). Brian Mock and Kimberly Mock execute this Compromise Motion solely for the limited purposes expressly and specifically ascribed to them in Paragraphs 12(b),

12(e), and 12(f). Except for those limited purposes, each of the foregoing persons and entities executes this Compromise Motion for no other purpose. The execution of this Compromise Motion by John Van Horn, Brian Mock, Kimberly Mock, and Verus Praedium shall not cause any such person or entity to become a party to this Compromise Motion or otherwise bind any such person or entity to any representation, warranty, covenant, release, waiver, indemnity, confidentiality obligation, restriction, or other term or provision of this Compromise Motion. Except solely for the limited purposes expressly and specifically ascribed to each of them herein, no rights, duties, liabilities, or obligations under this Compromise Motion are created or imposed upon any such person or entity by reason of its execution of this Compromise Motion.

f. **Settlement Payment:** The Settlement Payment is agreed to be the amount of $275,000.00 (the "Settlement Payment"). The Defendant Parties shall initiate the Settlement Payment to be received by the Akerman firm by wire transfer in immediately available, finally settled funds, irrevocably credited to the designated account and available for immediate disbursement, not later than 12:00 PM Eastern Time, on the next business day after the day that the Compromise Order is entered (the "Delivery Date"). By 12:00 PM Eastern Time on the Delivery Date, the Defendant Parties shall email Esther McKean at esther.mckean@akerman.com proof that the wire of the Settlement Payment has been initiated for immediate transmittal, without

any time delay, hold, or other condition that would prevent or defer the prompt delivery of funds to Akerman. For the avoidance of doubt, the wire must be initiated in a manner that ensures funds are transmitted promptly upon initiation, and any instruction to delay, schedule for future release, or otherwise defer transmittal after initiation shall constitute a breach of this provision. If the Settlement Payment is not timely received by Akerman by noon the following day after the Delivery Date, the Movants, John Van Horn, Brian Mock, Kimberly Mock, and Verus Praedium each agree that the Compromise, together with the executed originals of Exhibits "A" and "B" delivered into escrow, shall automatically be null, void, and of no force or effect. Akerman shall thereafter destroy the originals and all copies of Exhibits "A" and "B" in its possession and provide written confirmation thereof, with confirmation by letter being sufficient.

If the Settlement Payment is received by received by Akerman by noon the following day after the Delivery Date, Akerman may release the funds from trust to the Chapter 7 Trustee on the next business day after the Effective Date.

g. **Standing to Bring Third Party Claims:** The Compromise Order will recite that as a matter of law Richard Koon, Ellen Koon, Concrete Moisture Solutions, Inc., Trink Holdings, LLC, Peskon Holdings, Inc., Elleric Assurance Company, Inc., a Delaware Corporation, jointly and severally, are the holders of any negligence claim of any kind relating to the decision

and act of commencing the Liquidation, which for purposes of this Compromise Motion shall be referred to as the "Third Party Claims," none of which are directed to named parties in the Adversary Proceeding.

h. **Further Assurances – Required Reasonable Documentation:** The Movants will be authorized and directed to execute all documents reasonably required in furtherance of this Compromise.

i. **Termination of Stay and Waiver of Appellate Rights:** Pursuant to Federal Rules of Bankruptcy Procedure 6004, 7062, 8005, 8015, and 8017, and other law, the Movants may have rights to rehearing or appeal, and there might be applicable stays with respect to the enforceability and finality of the Compromise Order. However, by consent of the Movants, all such rehearing and appellate rights are hereby waived, and all stays are hereby terminated, such that the Movants would comply with the Compromise Order instanter.

j. **Disputes:** For all purposes, the Movants agree and the Compromise Order would provide that (i) acquiescence by any party to the Compromise shall not be construed or interpreted as a waiver, (ii) the Compromise will be construed as a matter of law as a Florida contract, (iii) there shall be no right to trial by jury on any question or issue relevant to the Compromise, and (iv) amendments to the Compromise and Compromise Order shall only be effective on joint motion, and then only when approved by the Court.

k. **No Admission of Liability:** Notwithstanding any other term and condition

hereof, the Movants each recognize that none of the positions taken by the Movants in the Adversary Proceeding have been proven, and all of the Movants maintain their positions on the merits of the Controversy.

l. **Further Assurances – Delay of Full Relief:** None of the Movants shall take any action that might reasonably be expected to delay or limit the full range of relief bargained for and received by the other Movants pursuant to the compromise provided herein.

m. **Duty of Good Faith and Fair Dealing:** All of the Movants shall exercise good faith and reasonable diligence in executing any pleading or document intended to further the intent of the Movants in agreeing to the terms and conditions set forth herein. Failure to do so will be considered a breach of the duty of good faith and fair dealing that inheres in all Florida contracts.

n. **Resolution of Disputes Regarding Compliance:** In the event that any or all of the Movants act so as to frustrate the purpose of this Compromise, the other Movants will be entitled to petition the Court for an appropriate form of relief.

o. **Mediation Privilege:** All events, circumstances, proposals, counter-proposals, and communications of any kind occurring during or in connection with settlement and mediation activities associated with the Controversy addressed herein, shall be and remain confidential pursuant to Florida Statutes §44.406 and other applicable law, and this confidentiality privilege may only be waived in writing signed by all Movants to this

Compromise.

p. **Valid Consideration; Binding Agreement:** The Movants warrant, represent and acknowledge that this Compromise has been executed and delivered by them for adequate consideration and value under all applicable laws, and that this Compromise is valid, binding, and enforceable in accordance with its terms.

q. **Non-Disparagement**: The Movants hereto each covenant and agree to refrain from disparagement of any of the other Movants, as follows:

i. None of the Movants will make any comment that could reasonably be expected to inhibit the business, financial, legal, or personal well-being of any of the other Movants.

ii. The Movants agree that monetary damages would not by themselves be a sufficient remedy for breach of the non- disparagement provisions of this Compromise and that in addition to all other remedies available at law or in equity, the non-disclosing Movant shall be entitled to pursue equitable relief, including injunction and specific performance, without proof of actual damages.

r. **Voluntary Agreement:** The Movants each represent and warrant that each such Movant has had ample opportunity to consult with legal counsel of choice; has investigated fully their alternatives to the execution and performance of this Compromise; is fully aware of the terms contained in this Compromise; and has voluntarily and without coercion or duress of any

kind entered into this Compromise and the documents executed in connection with this Compromise.

s. **<u>No Assignment</u>:** The Movants represent, warrant, and certify that no assignment of the claims, actions, causes of action, suits, damages, losses, judgments, executions, demands, liabilities, obligations, responsibilities, liens, expenses, costs and attorneys' fees referenced herein has or will be made, and that each of the Movants have the right and authority to execute this Agreement and any related documents.

t. **<u>Consent to Jurisdiction; Venue</u>:** The Movants hereto hereby irrevocably consent to the jurisdiction of the Court, for the purpose of any litigation to which the Movants may be a party and which arises from or relates to this Compromise, or the Controversy. It is further agreed that venue for any such action shall lie exclusively with the Court, unless all Movants agree to the contrary in writing.

u. **<u>Not Partners; No Third-Party Beneficiaries</u>:** Nothing contained herein or in any related document shall be deemed to render any of the Movants a partner of another Movant for any purpose.

v. **<u>Indulgence Not Waiver</u>:** The Movants' indulgence in any other departure from the terms of this Compromise shall not prejudice the other Movants' right to demand strict compliance with this Compromise.

w. **<u>Entire Agreement / Counterparts</u>:** This Compromise constitutes all of the agreements and understandings between the Movants hereto, and this

Compromise supersedes any and all prior agreements and understandings. This Compromise was drafted with the joint participation of all Movants and shall be construed neither more strongly against nor in favor of any of them, but, rather, in accordance with the fair meaning thereof. This Compromise Motion may be executed in separate counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Facsimile, electronic, and Portable Document Format (PDF) copies of signatures shall be deemed effective as if originals for all purposes.

x. **Expenses:** The Movants agree to the following regarding all fees, costs, and expenses incurred by the Movants:

i. **Existing Attorneys' Fees and Costs:** The Movants each agree to bear their respective fees, costs, and expenses incurred to date in connection with the Adversary Proceeding, or the resolution set forth in this Compromise.

ii. **Breach of This Agreement:** In the event that any of the Movants are hereafter adjudicated to have breached any term, condition, or requirement of this Compromise, then the prevailing party in any future controversy arising as a result of such breach shall be entitled to recover attorneys' fees, costs, and all other expenses incurred as a result of such breach, in a manner consistent with Florida Statutes §57.105(7), as the same may hereafter be amended from time to

time, including attorneys' fees for litigation at all levels, including appellate, administrative, bankruptcy, arbitration, mediation, and all other proceedings, and expressly including all manner of costs, including filing fees, court reporter expenses, copying and clerical fees and costs, travel expenses, expert witness fees, and all other sums actually and reasonably incurred to address any default.

y. **No Jury Trial:** Each of the Movants hereby knowingly, voluntarily and intentionally waive the right that any of them may have to a trial by jury with respect to any litigation based upon, arising out of, under, or related to this Compromise Motion any document required or contemplated pursuant to any of them, or any course of conduct, course of dealing, statements (whether verbal or written), or actions or omissions of any party hereto. This provision is a material inducement for the parties to enter into this agreement.

## IV. Factors Militating in Favor of Compromise

13. The Compromise is in the best interests of the parties to this Liquidation.

14. The Movants seek the entry of an order: (a) approving the Compromise and the Compromise Motion pursuant to Federal Rule of Bankruptcy Procedure 9019(a), and (b) waiving any stay of the effectiveness of the order pursuant to Federal Rule of Bankruptcy Procedure 6004(h).

15. Federal Rule of Bankruptcy Procedure 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

16. Rule 9019(a) gives the Court broad authority in approving compromises or settlements. In re Biocoastal Corp., 164 B.R. 1009, 1016 (Bankr. M.D.Fla. 1993) (citing In re Charter Co., 72 B.R. 70 (Bankr. M.D.Fla.1987). The determination of whether to approve a compromise is a matter committed to the sound discretion of the bankruptcy judge. River City v. Herpel (In re Jackson Brewing Co.), 624 F.2d 599, 602-603 (5th Cir. 1980). In exercising this discretion, the court should approve the proposed settlement if it is in the best interests of the estate. Id.

17. In determining whether a proposed compromise is in the best interests of the estate, the bankruptcy court should consider the following factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of the creditors and a proper deference to their reasonable views in the premises. In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990), cert denied, 498 U.S. 959 (1990).

18. The bankruptcy court "consider[s] these factors to determine 'the fairness, reasonableness and adequacy of a proposed settlement agreement.'" Chira v. Saal (In re Chira), 567 F.3d 1307, 1312-13 (11th Cir. 2009) (quoting In re A & C Props., 784 F.2d at 1381). The bankruptcy court should decline to approve a proposed compromise only when the compromise falls "below the lowest point in the range of reasonableness." Martin v. Pahiakos (In re Martin), 490 F.3d 1272, 1275 (11th Cir. 2007) (citing Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d

599, 608 (2d Cir. 1983)).

19. Applying these factors, the Compromise is fair, equitable, and well within the range of reasonableness. It provides certainty to all parties in interest, substantially reduces the administrative expenses incurred by the estate making funds available for distribution to general unsecured creditors, and facilitates the efficient administration of the Debtor's estate. The Compromise resolves complex, fact-intensive disputes involving a preference action, stay relief, an appeal, and claim liquidation and adjudication—issues that would otherwise require extensive discovery, perhaps expert testimony, and prolonged litigation. Absent the Compromise, the Movants, and particularly the estate, would incur significant professional fees and costs that would diminish the Debtor's ability to fund distributions to unsecured creditors and significantly delay administration of the Liquidation. By achieving finality and avoiding additional administrative expenses, the Compromise advances the paramount bankruptcy policy of maximizing value and ensuring an efficient, equitable distribution to creditors.

20. For all these reasons, the Compromise is fair and reasonable, falls within the reasonable range of possible litigation outcomes, is in the best interests of the Debtor's estate and creditors, and meets the standard for approval set forth in Justice Oaks.

21. Pursuant to Federal Rules of Bankruptcy Procedure 6004(h), 7062, and 9014(c), the Movants respectfully request that any order approving the Compromise Motion be made effective and enforceable immediately upon entry, without any stay otherwise applicable under the rules.

22. The Movants have agreed to the entry of the proposed Agreed Order attached hereto as Exhibit "C".

WHEREFORE**,** the Movants respectfully request the entry of an order:

a. granting the Compromise Motion;

b. approving the Compromise;

c. waiving the 14-day stay such that the Compromise may be consummated immediately; and

d. providing such other and further relief as is just and proper.

DATED this 3rd day of September, 2026.

/s/ Esther McKean
**ESTHER MCKEAN, ESQUIRE**
esther.mckean@akerman.com
**AKERMAN LLP**
420 S. Orange Ave., Suite 1200
Orlando, Florida 32801
Co-Counsel for Chapter 7 Trustee

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
janthony@anthonyandpartners.com
**ANTHONY & PARTNERS, PLLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Attorneys for Richard Koon, Ellen Koon, Concrete Moisture Solutions, Inc., Trink Holdings, LLC, Peskon Holdings, Inc., Elleric Assurance Company, Inc., a Delaware Corporation

Docusign Envelope ID: 504017B4-C866-852F-80A8-F6545F5A7081


/s/ Todd M. Hoepker
**TODD M HOEPKER, ESQUIRE**
toddhoepker@hoepkerlaw.com
**TODD M HOEPKER PA**
P.O. Box 3311
Orlando, Florida 32802
Counsel for Movant, Seasoned Associates, LLC

Signed by:
Lori Patton
B52E62E8526748E
**LORI PATTON, CH. 7 TRUSTEE**

**JOHN VAN HORN,** for the limited purpose described.

**RICHARD KOON**

**BRIAN MOCK** for the limited purpose described.

**ELLEN KOON**

**KIMBERLY MOCK** for the limited purpose described.

**CONCRETE MOISTURE SOLUTIONS, INC.**

**By:** ______________________________
**Its:** ______________________________

**SEASONED ASSOCIATES, LLC d/b/a BARRIER ONE CONCRETE ADMIXTURES**

**By:** ______________________________
**Its:** ______________________________

**TRINK HOLDINGS, LLC**

**By:** ______________________________
**Its:** ______________________________

**VERUS PRAEDIUM, LLC** for the limited purpose described.

**By:** ______________________________
**Its:** ______________________________

88351369;1

/s/ Todd M. Hoepker
**TODD M HOEPKER, ESQUIRE**
toddhoepker@hoepkerlaw.com
**TODD M HOEPKER PA**
P.O. Box 3311
Orlando, Florida 32802
Counsel for Movant, Seasoned Associates, LLC

**LORI PATTON, CH. 7 TRUSTEE**

**JOHN VAN HORN,** for the limited purpose described.

**RICHARD KOON**

**BRIAN MOCK** for the limited purpose described.

**ELLEN KOON**

**KIMBERLY MOCK** for the limited purpose described.

**CONCRETE MOISTURE SOLUTIONS, INC.**

**By:** ______________________
**Its:** ______________________

**SEASONED ASSOCIATES, LLC d/b/a BARRIER ONE CONCRETE ADMIXTURES**

**By:** ______________________
**Its:** V. President

**TRINK HOLDINGS, LLC**

**By:** ______________________
**Its:** ______________________

**VERUS PRAEDIUM, LLC** for the limited purpose described.

**By:** ______________________
**Its:** V. President

88351369;1

/s/ Todd M. Hoepker
**TODD M HOEPKER, ESQUIRE**
toddhoepker@hoepkerlaw.com
**TODD M HOEPKER PA**
P.O. Box 3311
Orlando, Florida 32802
Counsel for Movant, Seasoned Associates, LLC

DocuSigned by:
John Van Horn
07E447D8C6D1458...

| | |
|---|---|
| _______________________ **LORI PATTON, CH. 7 TRUSTEE** | _______________________ **JOHN VAN HORN,** for the limited purpose described. |
| _______________________ **RICHARD KOON** | _______________________ **BRIAN MOCK** for the limited purpose described. |
| _______________________ **ELLEN KOON** | _______________________ **KIMBERLY MOCK** for the limited purpose described. |
| **CONCRETE MOISTURE SOLUTIONS, INC.** | **SEASONED ASSOCIATES, LLC d/b/a BARRIER ONE CONCRETE ADMIXTURES** |
| **By:** _______________________ **Its:** _______________________ | **By:** _______________________ **Its:** _______________________ |
| **TRINK HOLDINGS, LLC** | **VERUS PRAEDIUM, LLC** for the limited purpose described. |
| **By:** _______________________ **Its:** _______________________ | **By:** _______________________ **Its:** _______________________ |

88351369;1

/s/ Todd M. Hoepker
**TODD M HOEPKER, ESQUIRE**
toddhoepker@hoepkerlaw.com
**TODD M HOEPKER PA**
P.O. Box 3311
Orlando, Florida 32802
Counsel for Movant, Seasoned Associates, LLC

______________________
**LORI PATTON, CH. 7 TRUSTEE**

______________________
**JOHN VAN HORN,** for the limited purpose described.

Richard Koon
Richard Koon (Sep 3, 2026 10 11 33 EDT)
**RICHARD KOON**

______________________
**BRIAN MOCK** for the limited purpose described.

Ellen R Koon
Ellen R Koon (Sep 3, 2026 10 02 16 EDT)
**ELLEN KOON**

______________________
**KIMBERLY MOCK** for the limited purpose described.

**CONCRETE MOISTURE SOLUTIONS, INC.**

**By:** Richard Koon
Richard Koon (Sep 3, 2026 10 11 33 EDT)
**Its:** Pres

**SEASONED ASSOCIATES, LLC d/b/a BARRIER ONE CONCRETE ADMIXTURES**

**By:** ______________________
**Its:** ______________________

**TRINK HOLDINGS, LLC**

**By:** Richard Koon
Richard Koon (Sep 3, 2026 10 11 33 EDT)
**Its:** Pres

**VERUS PRAEDIUM, LLC** for the limited purpose described.

**By:** ______________________
**Its:** ______________________

88351369,1

**PESKON HOLDINGS, INC.**

By: Richard Koon
Richard Koon (Sep 3, 2026 10 11 33 EDT)
Its: Pres

**ELLERIC ASSURANCE COMPANY, INC.**

By: Richard Koon
Richard Koon (Sep 3, 2026 10 11 33 EDT)
Its: Pres

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ Esther McKean
**ATTORNEY**

88351369,1

**EXHIBIT "A" RELEASE**
**CHAPTER 7 TRUSTEE'S RELEASE OF CLAIMS**

**IN RE: BARRIER ONE, INC.**
In the United States Bankruptcy Court for the Middle District of Florida
Orlando Division
Case No. 6:23-bk-00115-LVV

---

Lori Patton as Chapter 7 Trustee for the Estate of Barrier One, Inc. (the "Chapter 7 Trustee") for good and valuable consideration, and to effectuate the intent of that Compromise Motion filed in the above referenced proceeding, executes this Chapter 7 Trustee's Release of Claims ("Trustee's Release").

## DEFINITIONS

1. The term "Bankruptcy Proceeding" used herein refers to the Chapter 7 Bankruptcy styled *In re: BARRIER ONE, INC., Debtor,* filed in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, Case No. 6:23-bk-00115-LVV

2. The term "Adversary Proceeding" used herein refers to that proceeding styled *Lori Patton, as Chapter 7 Trustee for the Bankruptcy Estate of Barrier One, Inc., v. Richard Koon, an individual, Ellen Koon, an individual, Concrete Moisture Solutions, Inc., a Florida corporation d/b/a Barrier One, Verus Praedium, a Delaware limited liability company, Trink Holdings, LLC, a Florida limited liability company, Peskon Holdings, Inc., a Florida corporation, Seasoned Associates, LLC, a Delaware corporation d/b/a Barrier One Concrete Admixtures, and Elleric Assurance Company, Inc, a Delaware corporation,* Case No. 6:25-ap-00008-LVV, including any allegations, causes of action, or defenses which were asserted or which may have been asserted therein.

3. The term "Chapter 7 Trustee" used herein refers to Lori Patton, solely in her capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Barrier One, Inc. (the "Estate"),

and not in her individual capacity. "Chapter 7 Trustee" includes Lori Patton in such representative capacity, the Estate, any successor Chapter 7 Trustee or other successor fiduciary appointed for the Estate, and each of their respective representatives, professionals, agents, employees, servants, attorneys, accountants, financial advisors, consultants, and other persons or entities acting by, through, under, or on behalf of the Chapter 7 Trustee or the Estate, together with their respective successors and assigns.

4. The term "Richard Koon" used herein refers to Richard Koon, the individual who is a Defendant in the Adversary Proceeding referenced herein. "Richard Koon" includes Richard Koon, in his individual capacity, including, without limitation, his assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

5. The term "Ellen Koon" used herein refers to Ellen Koon, the individual who is a Defendant in the Adversary Proceeding referenced herein. "Ellen Koon" includes Ellen Koon, in her individual capacity, including, without limitation, her assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

6. The term "CMS" used herein refers to Concrete Moisture Solutions, Inc. a Florida Corporation, which is a named Defendant in the Adversary Proceeding referenced herein. "CMS" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or

successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

7. The term "Trink" used herein refers to Trink Holdings, LLC, a Florida Limited Liability Company, which is a named Defendant in the Adversary Proceeding referenced herein. "Trink" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

8. The term "Peskon" used herein refers to Peskon Holdings, Inc., a Florida Corporation, which is a named Defendant in the Adversary Proceeding referenced herein. "Peskon" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

9. The term "Elleric" used herein refers to Elleric Assurance Company, Inc. a Delaware Corporation, which is a named Defendant in the Adversary Proceeding referenced herein. "Elleric" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys,

and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

10. The term "Seasoned Associates" used herein refers to Seasoned Associates, LLC, a Delaware Limited Liability Company d/b/a Barrier One Concrete Admixtures, which is a named Defendant in the Adversary Proceeding referenced herein. "Seasoned Associates" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

11. The Term "Defendant Parties" used herein refers to Richard Koon, Ellen Koon, CMS, Trink, Peskon, Elleric and Seasoned Associates.

12. The term "Van Horn" used herein refers to John Van Horn, the individual who is the Creditor in the Chapter 7 Bankruptcy referenced herein. "Van Horn" includes John Van Horn, in his individual capacity, including, without limitation, his assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

13. The term "Brian Mock" used herein refers to Brian Mock, currently residing at 640 Garden Commerce Parkway, Winter Garden, Florida 34787. "Brian Mock" includes Brian Mock,

in his individual capacity, including, without limitation, his assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

14. The term "Kimberly Mock" used herein refers to Kimberly Mock, currently residing at 640 Garden Commerce Parkway, Winter Garden, Florida 34787. "Kimberly Mock" includes Kimberly Mock, in her individual capacity, including, without limitation, her assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

15. The term "Verus Praedium" used herein refers to Verus Praedium, LLC, a Delaware limited liability company. "Verus Praedium" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

16. The term "Additional Releasees" used herein refers to Van Horn, Brian Mock, Kimberly Mock, and Verus Praedium, collectively and each individually.

17. The term "Chapter 7 Trustee's Release" used herein refers to this Chapter 7 Trustee's Release of Claims.

18. The term "Compromise Motion" used herein refers to the Compromise Motion filed in the Bankruptcy Proceeding.

19. The term "Settlement Payment" means the Settlement Payment described in Paragraph 12(f) of the Compromise Motion.

20. The term "Delivery Date" means the Delivery Date described in Paragraph 12(f) of the Compromise Motion.

21. The term "Effective Date" means the Effective Date described in Paragraph 11 of the Compromise Motion.

## RECITALS

WHEREAS, the Chapter 7 Trustee executes this Release to effectuate the Compromise Motion, and

WHEREAS, The Chapter 7 Trustee acknowledges that there is good and sufficient consideration for the execution of this Chapter 7 Trustee's Release.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth in this Chapter 7 Trustee's Release, the Chapter 7 Trustee agrees as follows:

**1. Definitions and Recitals.** The above Definitions and Recitals are true and correct and are incorporated herein by reference. In the event of a conflict between defined terms, the definitions described in this Release control the definition of the term for this Release.

**2. Release by Chapter 7 Trustee of Defendant Parties and Additional Releasees.** Provided that the Settlement Payment is timely received by Akerman as provided in the Compromise Motion, effective upon the later of (i) the Effective Date or (ii) the receipt of the Settlement Payment, the Chapter 7 Trustee, as defined herein, solely in her representative capacity and on behalf of the Estate and any person or entity claiming by, through, or under the Chapter 7

Trustee or the Estate, hereby releases, acquits, and forever discharges the Defendant Parties and the Additional Releasees, collectively and each of them individually of and from any and all claims, causes of action, actions, suits, debts, demands, obligations, rights, liabilities, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, covenants, agreements, rights, attorneys' fees, damages, compensatory damages, statutory damages, punitive damages, costs, interest, liens, compensation, losses, and expenses of any nature whatsoever, including in law and in equity, which the Chapter 7 Trustee ever had, ever shall have or in the future ever shall, will or may have against the Defendant Parties and the Additional Releasees, relating to or arising out of the Bankruptcy Proceeding, the Adversary Proceeding, any claims or counterclaims which could have been asserted in the Adversary Proceeding, and any claims or counterclaims relating to any of the allegations or issues in the Adversary Proceeding. The foregoing release is intended to be construed broadly in favor of the Defendant Parties and the Additional Releasees so as to provide the broadest release permitted by law with respect to the claims and matters expressly described herein. This release does not include any of the obligations that are owed under this Trustee's Release and does not release any claims for breach of this Trustee's Release, which are specifically reserved.

**3. Null and Void upon Non-Delivery of Settlement Payment:** If the Settlement Payment is not timely received by Akerman as provided in the Compromise Motion this Release shall automatically be null, void, and of no force or effect.

**4. Severability.** If any provision of this Trustee's Release is rendered invalid for any reason, or has been rendered unenforceable in any jurisdiction, all other provisions of this Trustee's Release shall nevertheless remain in full force and effect in such jurisdiction, and all provisions of this Trustee's Release shall remain in full force and effect in all other jurisdictions. Upon

determination that any provision of this Trustee's Release is invalid or unenforceable, this Trustee's Release shall be amended to achieve the original intention of the Parties as closely as possible.

**5. Entire Contract & Amendment.** This Trustee's Release supersedes all prior negotiations, settlement discussions, and representations and contains the complete and entire terms with respect to the matters contained herein. This Trustee's Release may be modified only by a written document, signed by the Chapter 7 Trustee.

**6. Governing Law.** This Trustee's Release shall be governed and interpreted under Florida law.

**7. Forum Selection.** Any dispute arising out of or relating to this Trustee's Release shall be brought in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division.

**8. Captions and Headings.** The captions and headings in this Trustee's Release are for reference only and shall not be deemed to define or limit the scope or intent of any terms, covenants, conditions, or agreements contained herein.

**Counterparts.** This Trustee's Release may be executed in separate counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Facsimile, electronic, and Portable Document Format (PDF) copies of signatures shall be deemed effective as if originals for all purposes.

IN WITNESS WHEREOF, the Chapter 7 Trustee has executed this Trustee's Release on the day and year first written above.

________________________________
**LORI PATTON, CH. 7 TRUSTEE**

**EXHIBIT "B" RELEASE**
**MUTUAL RELEASE OF CLAIMS**

**IN RE: BARRIER ONE, INC.**
In the United States Bankruptcy Court for the Middle District of Florida
Orlando Division
Case No. 6:23-bk-00115-LVV

Each of the signatories hereto (hereinafter referred to as the "Signatories"), for good and valuable consideration, and to effectuate the intent of that Compromise Motion filed in the above referenced proceeding, executes this Mutual Release of Claims.

**DEFINITIONS**

1. The term "Bankruptcy Proceeding" used herein refers to the Chapter 7 Bankruptcy styled *In re: BARRIER ONE, INC., Debtor*, filed in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, Case No. 6:23-bk-00115-LVV

2. The term "Adversary Proceeding" used herein refers to that proceeding styled *Lori Patton, as Chapter 7 Trustee for the Bankruptcy Estate of Barrier One, Inc., v. Richard Koon, an individual, Ellen Koon, an individual, Concrete Moisture Solutions, Inc., a Florida corporation d/b/a Barrier One, Verus Praedium, a Delaware limited liability company, Trink Holdings, LLC, a Florida limited liability company, Peskon Holdings, Inc., a Florida corporation, Seasoned Associates, LLC, a Delaware corporation d/b/a Barrier One Concrete Admixtures, and Elleric Assurance Company, Inc, a Delaware corporation,* Case No. 6:25-ap-00008-LVV, including any allegations, causes of action, or defenses which were asserted or which may have been asserted therein.

3. The term "State Court Action" used herein refers to that action styled *John Van Horn vs. Richard Koon, Ellen Koon, Concrete Moisture Solutions, Inc., et. al,* in the Circuit Court

of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2015-CA-10999-O, including any allegations, causes of action, or defenses asserted therein.

4. The term "Chapter 7 Trustee" used herein refers to Lori Patton, solely in her capacity as the duly appointed Chapter 7 Trustee for the bankruptcy estate of Barrier One, Inc. (the "Estate"), and not in her individual capacity. "Chapter 7 Trustee" includes Lori Patton in such representative capacity, the Estate, any successor Chapter 7 Trustee or other successor fiduciary appointed for the Estate, and each of their respective representatives, professionals, agents, employees, servants, attorneys, accountants, financial advisors, consultants, and other persons or entities acting by, through, under, or on behalf of the Chapter 7 Trustee or the Estate, together with their respective successors and assigns.

5. The term "Richard Koon" used herein refers to Richard Koon, the individual who is a Defendant in the Adversary Proceeding referenced herein. "Richard Koon" includes Richard Koon, in his individual capacity, including, without limitation, his assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

6. The term "Ellen Koon" used herein refers to Ellen Koon, the individual who is a Defendant in the Adversary Proceeding referenced herein. "Ellen Koon" includes Ellen Koon, in her individual capacity, including, without limitation, her assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

7. The term "CMS" used herein refers to Concrete Moisture Solutions, Inc. a Florida Corporation, which is a named Defendant in the Adversary Proceeding referenced herein. "CMS" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

8. The term "Trink" used herein refers to Trink Holdings, LLC, a Florida Limited Liability Company, which is a named Defendant in the Adversary Proceeding referenced herein. "Trink" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

9. The term "Peskon" used herein refers to Peskon Holdings, Inc., a Florida Corporation, which is a named Defendant in the Adversary Proceeding referenced herein. "Peskon" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors,

partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

10. The term "Elleric" used herein refers to Elleric Assurance Company, Inc., a Delaware Corporation, which is a named Defendant in the Adversary Proceeding referenced herein. "Elleric" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

11. The term "Seasoned Associates" used herein refers to Seasoned Associates, LLC, a Delaware Limited Liability Company d/b/a Barrier One Concrete Admixtures, which is a named Defendant in the Adversary Proceeding referenced herein. "Seasoned Associates" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

12. The Term "Defendant Parties" used herein refers to Richard Koon, Ellen Koon, CMS, Trink, Peskon, Elleric and Seasoned Associates.

13. The term "Van Horn" used herein refers to John Van Horn, the individual who is the Creditor in the Chapter 7 Bankruptcy referenced herein. "Van Horn" includes John Van Horn,

in his individual capacity, including, without limitation, his assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

14. The term "Brian Mock" used herein refers to Brian Mock, currently residing at 640 Garden Commerce Parkway, Winter Garden, Florida 34787. "Brian Mock" includes Brian Mock, in his individual capacity, including, without limitation, his assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

15. The term "Kimberly Mock" used herein refers to Kimberly Mock, currently residing at 640 Garden Commerce Parkway, Winter Garden, Florida 34787. "Kimberly Mock" includes Kimberly Mock, in her individual capacity, including, without limitation, her assignees, representatives, successors, trustees, beneficiaries, agents, employees, servants, attorneys, and accountants; and each of their respective predecessors or successors in interest, assignees, representatives, trustees, agents, directors, beneficiaries, employees, servants, attorneys, and accountants.

16. The term "Verus Praedium" used herein refers to Verus Praedium, LLC, a Delaware limited liability company. "Verus Praedium" includes, without limitation, its predecessors or successors in interest, assignees, representatives, trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities, and their respective predecessors or successors in interest, assignees, representatives,

trustees, agents, directors, partners, shareholders, employees, servants, attorneys, and accountants, parents, subsidiaries, and any related or affiliated entities.

17. The term "Additional Releasees" used herein refers to Brian Mock, Kimberly Mock, and Verus Praedium, collectively and each individually.

18. The term "Exhibit B Release" used herein refers to this Mutual Release of Claims.

19. The term "Compromise Motion" used herein refers to the Compromise Motion filed in the Bankruptcy Proceeding.

20. The term "Settlement Payment" means the Settlement Payment described in Paragraph 12(f) of the Compromise Motion.

21. The term "Delivery Date" means the Delivery Date described in Paragraph 12(f) of the Compromise Motion.

22. The term "Effective Date" means the Effective Date described in Paragraph 11 of the Compromise Motion.

## RECITALS

WHEREAS, the Signatories hereto have agreed to execute this Exhibit "B" Release as an inducement for Chapter 7 Trustee and Defendant Parties to execute the Compromise, and

WHEREAS, the Signatories acknowledge that there is good and sufficient consideration for the execution of this Exhibit "B" Release.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth in this Exhibit "B" Release, the Signatories agree as follows:

**1. Definitions and Recitals.** The above Definitions and Recitals are true and correct and are incorporated herein by reference. In the event of a conflict between defined terms, the definitions described in this Release control the definition of the term for this Release.

**2. Release of Defendant Parties and Additional Releasees by Van Horn.** Provided that the Settlement Payment is timely received by Akerman as provided in the Compromise Motion, effective upon the later of (i) the Effective Date or (ii) the receipt of the Settlement Payment, Van Horn, as defined herein, for himself and on behalf of any person or entity claiming by, through or under Van Horn, hereby releases, acquits, and forever discharges the Defendant Parties and the Additional Releasees collectively and each of them individually of and from any and all claims, causes of action, actions, suits, debts, demands, obligations, rights, liabilities, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, covenants, agreements, rights, attorneys' fees, damages, compensatory damages, statutory damages, punitive damages, costs, interest, liens, compensation, losses, and expenses of any nature whatsoever, including in law and in equity, which Van Horn ever had, ever shall have or in the future ever shall, will or may have against the Defendant Parties and the Additional Releasees, relating to or arising out of the State Court Action, the Bankruptcy Proceeding, the Adversary Proceeding, any claims or counterclaims which could have been asserted in the State Court Action or the Adversary Proceeding, and any claims or counterclaims relating to any of the allegations or issues in the State Court Action or the Adversary Proceeding. The foregoing release is intended to be construed broadly in favor of the Defendant Parties and the Additional Releasees so as to provide the broadest release permitted by law with respect to the claims and matters expressly described herein. This release does not include any of the obligations that are owed under this Agreement and does not release any claims for breach of this Agreement, which are specifically reserved.

**3. Release of Van Horn by the Defendant Parties and Additional Releasees.** Provided that the Settlement Payment is timely received by Akerman as provided in the

Compromise Motion, effective upon the later of (i) the Effective Date or (ii) the receipt of the Settlement Payment, Defendant Parties and Additional Releasees, as defined herein, collectively and each of them individually, for themselves and on behalf of any person or entity claiming by, through or under Defendant Parties and Additional Releasees, hereby release, acquit, and forever discharge Van Horn of and from any and all claims, causes of action, actions, suits, debts, demands, obligations, rights, liabilities, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, covenants, agreements, rights, attorneys' fees, damages, compensatory damages, statutory damages, punitive damages, costs, interest, liens, compensation, losses, and expenses of any nature whatsoever, including in law and in equity, which Defendant Parties or the Additional Releasees ever had, ever shall have or in the future ever shall, will or may have against Van Horn, relating to or arising out of the State Court Action, the Bankruptcy Proceeding, the Adversary Proceeding, any claims or counterclaims which could have been asserted in the State Court Action or the Adversary Proceeding, and any claims or counterclaims relating to any of the allegations or issues in the State Court Action or the Adversary Proceeding. The foregoing release is intended to be construed broadly in favor of Van Horn so as to provide the broadest release permitted by law with respect to the claims and matters expressly described herein. This release does not include any of the obligations that are owed under this Agreement and does not release any claims for breach of this Agreement, which are specifically reserved.

**4. Null and Void upon Non-Delivery of Settlement Payment:** If the Settlement Payment is not timely received by Akerman as provided in the Compromise Motion, this Release shall automatically be null, void, and of no force or effect.

**5. No Assignment.** The Signatories to this Agreement each represent and affirm that such Signatory has not assigned to any third party any claim or cause of action that such Signatory has, had, or may have against any other Signatory.

**6. Advice of Counsel.** The Signatories to this Agreement hereby acknowledge, agree, represent, and warrant: (i) that each Signatory has had the advice of counsel of such Signatory's own choosing in negotiations for, and in the preparation of, this Agreement; (ii) that each Signatory has read this Agreement or has had the same read to such Signatory by its counsel; and (iii) that each Signatory enters into this Agreement voluntarily and is fully aware of this Agreement's contents and legal effect.

**7. Severability.** If any provision of this Agreement is rendered invalid for any reason, or has been rendered unenforceable in any jurisdiction, all other provisions of this Agreement shall nevertheless remain in full force and effect in such jurisdiction, and all provisions of this Agreement shall remain in full force and effect in all other jurisdictions. Upon determination that any provision of this Agreement is invalid or unenforceable, this Agreement shall be amended to achieve the original intention of the Parties as closely as possible.

**8. Entire Contract & Amendment.** This Agreement supersedes all prior negotiations, settlement discussions, and representations and contains the complete and entire Agreement between the Parties to this Agreement with respect to the matters contained herein. This Agreement may be modified only by a written document, signed by all Parties hereto.

**9. Governing Law.** This Agreement shall be governed and interpreted under Florida law.

**10. Corporate Authority**. Each individual signing this Agreement directly and expressly warrants that he/she has been given and has received and accepted authority to sign and

execute the Agreement on behalf of the party for whom it is indicated he/she has signed, that the execution of this document is consistent with and is not in violation of the charter or bylaws of the respective party and further has been expressly given and received and accepted authority to enter into a binding agreement on behalf of such party with respect to the matters contained herein and as stated herein.

**11. Forum Selection.** Any dispute arising out of or relating to this Agreement shall be brought in the Ninth Judicial Circuit Court in and for Orange County, Florida.

**12. Attorneys' Fees.** Should any Party to this Agreement need to resort to legal proceedings of any kind to enforce this Agreement or the provisions hereof, the prevailing party shall recover all costs and attorneys' fees from the non-prevailing party or parties.

**13. Captions and Headings.** The captions and headings in this Agreement are for reference only and shall not be deemed to define or limit the scope or intent of any terms, covenants, conditions, or agreements contained herein.

**14. Counterparts.** This Agreement may be executed in separate counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Facsimile, electronic, and Portable Document Format (PDF) copies of signatures shall be deemed effective as if originals for all purposes.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the day and year first written above.

______________________________
**JOHN VAN HORN**

______________________________
**RICHARD KOON**

______________________________
**BRIAN MOCK**

______________________________
**ELLEN KOON**

______________________________
**KIMBERLY MOCK**

**CONCRETE MOISTURE SOLUTIONS, INC.**

By: ______________________________
Its: ______________________________

**SEASONED ASSOCIATES, LLC d/b/a BARRIER ONE CONCRETE ADMIXTURES**

By: ______________________________
Its: ______________________________

**TRINK HOLDINGS, LLC**

By: ______________________________
Its: ______________________________

**VERUS PRAEDIUM, LLC**

By: ______________________________
Its: ______________________________

**PESKON HOLDINGS, INC.**

By: ______________________________
Its: ______________________________

**ELLERIC ASSURANCE COMPANY, INC.**

By: ______________________________
Its: ______________________________

**EXHIBIT "C"**
**Proposed Agreed Order upon Motion to Approve Compromise**

**Specimen Exhibit – Not for Execution**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

BARRIER ONE, INC., Case No.: 6:23-bk-00115-LVV

Debtor.
_________________________________/

**ORDER GRANTING EXPEDITED MOTION TO APPROVE COMPROMISE**

THIS CASE came on for hearing on September 8, 2026, on the Expedited Motion to Compromise Controversy (Doc. No. [---]) ("Compromise Motion"[1]). The Motion was furnished to all necessary parties and the Court noting that creditor John Van Horn does not object to the Compromise Motion.

Accordingly, it is

ORDERED:

1. The Compromise Motion is granted.

2. The compromise as set forth in the Compromise Motion is approved, adopted and ratified and fully enforceable in all respects.

[1] All capitalized terms herein shall have the meaning as set forth in the Expedited Motion to Compromise Controversy.

3. All parties shall comply with all terms of the approved compromise, including all actions and documents as set forth in the Compromise Motion.

4. Richard Koon, Ellen Koon, Concrete Moisture Solutions, Inc., Trink Holdings, LLC, Peskon Holdings, Inc., and Elleric Assurance Company, Inc., a Delaware Corporation shall initiate the Settlement Payment described in Paragraph 12(f) of the Compromise Motion to be received by the Akerman firm by wire transfer in immediately available, finally settled funds, irrevocably credited to the designated account and available for immediate disbursement, not later than 12:00 PM Eastern Time, on the next business day after the day that the Compromise Order is entered (the "Delivery Date"). By 12:00 PM Eastern Time on the Delivery Date, the Defendant Parties shall email Esther McKean at esther.mckean@akerman.com proof that the wire of the Settlement Payment has been initiated for immediate transmittal, without any time delay, hold, or other condition that would prevent or defer the prompt delivery of funds to Akerman. For the avoidance of doubt, the wire must be initiated in a manner that ensures funds are transmitted promptly upon initiation, and any instruction to delay, schedule for future release, or otherwise defer transmittal after initiation shall constitute a breach of this provision. If the Settlement Payment is not timely received by Akerman as set forth in the Compromise Motion, the Movants, including the Chapter 7 Trustee, John Van Horn, Brian Mock, Kimberly Mock, and Verus Praedium each agree that the Compromise, together with the executed originals of Exhibits "A" and "B" delivered into escrow, shall automatically be null, void, and of no force or effect. Akerman shall thereafter destroy the originals and all copies of Exhibits "A" and "B" in its possession and provide written confirmation thereof, with confirmation by letter being sufficient.

5. Upon full compliance with the Compromise Motion, Richard Koon, Ellen Koon, Concrete Moisture Solutions, Inc., Trink Holdings, LLC, Peskon Holdings, Inc., Elleric Assurance Company, Inc., a Delaware Corporation, jointly and severally, as a matter of law are the holders

of any negligence claim of any kind relating to the decision and act of commencing the Liquidation.

6. The Court reserves jurisdiction regarding the interpretation, effectuation, and enforcement of the terms of the Compromise Motion and this Order.

Attorney Esther McKean, Esq. is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the order.